**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**RONALD L. HAYNES,**

                             **Plaintiff,**

   vs.                                                  **3:18-cv-378
                                                              (MAD/DEP)**

**THE HARTFORD LIFE AND ACCIDENT
INSURANCE CO., GROUP BASIC TERM
LIFE PLAN FOR EMPLOYEES OF AMPHENOL
CORPORATION, and GROUP SUPPLEMENTAL
DEPENDENT LIFE, SUPPLEMENTAL TERM
LIFE PLAN FOR EMPLOYEES OF
AMPHENOL CORPORATION,**

                             **Defendants.**

_____

**APPEARANCES:**                                     **OF COUNSEL:**

**MCKAIN LAW, PLLC**                     **CARLA N. MCKAIN, ESQ.**
136 E. State St.
Ithaca, New York 14850
Attorneys for Plaintiff

**ROBINSON & COLE LLP**               **MICHAEL H. BERNSTEIN, ESQ.**
Chrysler East Building
666 Third Avenue, 20th Floor
New York, New York 10017
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    Plaintiff Ronald L. Haynes commenced this action on March 27, 2018, against the Hartford Life and Accident Insurance Co. ("Hartford"), Group Basic Term Life Plan for Employees of Amphenol Corporation ("Basic Plan"), and Group Supplemental Dependent Life, Supplemental Term Life Plan for Employees of Amphenol Corporation ("Supplemental Plan").

*See* Dkt. No. 1. Plaintiff claims breach of the terms of an employee benefit plan under the Employee Retirement Security Act of 1974 ("ERISA") and breach of fiduciary duty, seeking to compel Defendants to provide certain waiver of premium and life insurance benefits and damages. *Id*. Before the Court are Defendants' motion to dismiss for failure to state a claim and Plaintiff's cross-motion for leave to amend his Complaint. *See* Dkt. Nos. 13, 15. Defendants assert, as the sole basis for dismissal, that Plaintiff's action is time-barred by a contractual limitations period.

## II. BACKGROUND

Plaintiff, an employee of Amphenol Corporation, was covered by the Group Employee Benefits Plan of Amphenol Corporation. *See* Dkt. No. 1 at ¶ 9. He was additionally insured under the Basic and Supplemental Plans. *Id.* Hartford, as the insurance company, is the "Claims Administrator" for the benefits at issue. *Id*. at ¶ 10. Plaintiff's work for Amphenol regularly involved physical labor, which he became unable to perform due in part to injuries on the job in 2003 and 2004. *Id.* at ¶¶ 15-30. Because of these injuries, Plaintiff underwent a laminectomy and discectomy in February 2006. *Id*. at ¶ 31. In 2009, Plaintiff underwent lumbar spine fusion surgery. *Id*. at ¶ 31. Plaintiff continued to work from 2010 until August 2013, when he became unable to tolerate the work due to pain. *Id*. at ¶¶ 33-35.

Plaintiff purchased $75,000 in additional life insurance over the $25,000 coverage provided to all employees free of cost. *Id.* at ¶ 39. The Basic and Supplemental Plans provide that, if an employee becomes disabled and cannot work, he may apply for a "Waiver of Premium" benefit, so that his life insurance continues without the payment of premiums. To qualify for the Waiver of Premium benefit, the claimant must be covered and under the age of 62 when he becomes disabled, provide proof of loss that he has been disabled for six consecutive months

starting on the last day at work, and provide that proof within one year of the last day worked. *Id*. at ¶ 43.

On January 14, 2014, Plaintiff applied for the Waiver of Premium benefit. *Id.* at ¶ 48. Plaintiff was denied the Waiver of Premium benefit because he was capable of performing sedentary-level work. *Id*. at ¶¶ 48-71. The initial review of Plaintiff's appeal was conducted on March 18, 2015. *Id.* at ¶ 78. By letter dated April 8, 2015, Hartford upheld the denial of claim on appeal. *Id*. at ¶ 95. Contemporaneously to this process, Plaintiff engaged in the process of obtaining workers' compensation. *Id*. at ¶ 97. The Workers' Compensation Board issued a Notice of Decision on November 7, 2014, finding that Plaintiff is permanently and totally disabled as a result of his work-related injury. *Id*. at ¶ 110.

### III. DISCUSSION

**A. Failure to State a Claim**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007) (citation omitted). In considering the legal sufficiency, a court must accept as true all well-pleaded facts in the pleading and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption of truth, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although a court's review of a motion to dismiss is generally limited to the facts presented in the pleading, the court may consider documents that are "integral" to that pleading, even if they are neither physically attached to, nor incorporated by reference into, the pleading. *See Mangiafico v.*

*Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," *see* Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to 'sho[w] that the pleader is entitled to relief[,]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, the pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *see id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting [*Twombly*, 550 U.S.] at 557, 127 S. Ct. 1955). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the[ ] complaint must be dismissed[,]" *id.* at 570.

**B.     Timeliness**

"Statutes of limitations establish the period of time within which a claimant must bring an action. As a general matter, a statute of limitations begins to run when the cause of action 'accrues'—that is, when 'the plaintiff can file suit and obtain relief.'" *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 571 U.S. 99, 105 (2013) (quoting *Bay Area Laundry and Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)) (further internal quotation marks omitted). ERISA and its regulations require plans to provide certain procedures for reviewing claims after participants submit proof of loss before a suit may be filed under ERISA.

4

*See* 29 U.S.C. § 1133; 29 C.F.R. § 2560.503–1 (2012). "The courts of appeals have uniformly required that participants exhaust internal review before bringing a claim for judicial review under § 502(a)(1)(B)." *Heimeshoff*, 571 U.S. at 105 (citing *LaRue v. DeWolff, Boberg & Associates, Inc.*, 552 U.S. 248, 258–259 (2008) (Roberts, C.J., concurring in part and concurring in judgment)). Therefore, a participant's claim under ERISA does not accrue until a final decision under those processes. *See id.*

"ERISA § 502(a)(1)(B) does not specify a statute of limitations." *Id*. "Absent a controlling statute to the contrary, a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Id.* at 105-06.

The "Group Employee Benefits Plan of Amphenol Corporation" (the "ERISA Plan") exists to "provide specified health and welfare benefits" under ERISA. The ERISA Plan defines "Incorporated Document" to mean "an insurance policy, administrative services agreement, plan, trust, certificate of coverage, evidence of coverage, summary plan description or other document incorporated by reference . . . together with any exhibits, supplements, addendums or amendments thereto." *See* Dkt. No. 1-2 at 10. The ERISA Plan does, as Plaintiff claims, require exhaustion before pursuit of a remedy at law. *See* Dkt. No. 15-3 at 2. The ERISA Plan explicitly sets forth a limitations provision:

> No action at law or in equity in any court or agency shall be brought to recover benefits under the Plan prior to the exhaustion of the claims and appeals set forth in Article IX, nor shall an action be brought *at all unless within 36 months after the date a claim is incurred* under the Plan.

*Id.* at 6 (emphasis added). The ERISA Plan further provides that "[t]his document, together with the documentation incorporated by reference into it, is the legal instrument governing the Plan. In

5

case of conflict between this document and any other writing or evidence, the terms of this document shall govern." *Id.* at 6. The Plan lists the rights to certain benefits, *e.g.* Medical, Dental, Vision, etc., in Article IV; and each clause respective to each benefit states that "[s]uch benefits shall be subject to the terms, conditions, and limitations set forth in such applicable Incorporated Document." *See* Dkt. No. 15-1 at 17. Any contention by the Plaintiff that the certificates of insurance are not governing is disingenuous at best as the terms and limitations contained therein are expressly incorporated into the ERISA Plan.

The parties have offered several versions of the "Incorporated Document" (the certificate of insurance) for the life and accident insurance benefits, but they are all functionally identical for present purposes. Each document contains the following provision:

> **Legal Actions:** *When can legal action be taken against Us?*
> Legal action cannot be taken against Us:
> 1) sooner than 60 days after the date Proof of Loss is furnished; or
> 2) more than 3 years after the date Proof of Loss is required to be furnished according to the terms of The Policy.

With respect to the provision requiring Proof of Loss within 90 days, Plaintiff argues that the word "should" simply means "ought" as a non-binding suggestion. However, this reading is contrary to the plain text of the provision. The plain text of the provision, which includes words such as "must" and "due" indicates that "should be sent within 90 day(s)" is a mandatory condition unless it was "not possible to give proof within the *required* time." *See* Dkt. No. 13-3 at 18. Read in conjunction, the proof-of-loss provision and limitations provision bar any legal action brought more than three years and 90 days after Plaintiff's last working day.

By the text of the ERISA Plan and the certificates of insurance governing the life insurance benefit, the governing limitations provision is the one contained in the certificate. The limitations provision counts three years from the Proof of Loss due date instead of three years

from accrual of the claim under the parent ERISA Plan document. This places the end of the limitations period in late 2017. The three-year limitations period running from the due date for Proof of Loss is reasonable. *See DeMarco v. Hartford Life and Acc. Ins. Co.*, No. 12 Civ. 4313, 2014 WL 3490481, *6 (E.D.N.Y. July 11, 2014) (collecting cases) ("Courts have routinely upheld as reasonable three-year limitations periods running from the deadline for filing proof of loss").

Plaintiff's argument that the different limitations provisions bind different parties is unavailing in this case. No claim for benefits can be sustained against the employer absent the insurance company providing the benefits. A claim against the employer would necessarily seek remedy against the insurance company providing the benefit. To argue otherwise would nonsensically seek to compel the employer to independently confer benefits in place of the insurer, under the terms binding the insurer, while ignoring the negotiated terms that protect the insurer.

Plaintiff's argument regarding waiver of a timeliness objection is without merit. There is no limitations argument to be made prior to suit where the limitations apply only to legal action and not to the internal review procedures. As Defendants make clear, their limitations defense is not rooted in whether proof of loss was timely, but rather whether suit was brought within the three-year limitations period. Therefore, the claim in its entirety is barred by the terms of limitation expressly agreed upon by the parties. The Court accordingly grants Defendants' motion to dismiss.

**C.     Cross-Motion to Amend Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, when a party may not amend its pleading as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R.

Civ. P. 15(a)(2). "The Second Circuit has held that a Rule 15(a) motion 'should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and . . . resulting prejudice to the opposing party." *Aetna Cas. and Sur. Co. v. Aniero Concrete Co., Inc.*, 404 F.3d 566, 603-04 (2d Cir. 2005) (citations omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6)." *Lucente v. Int. Bus. Mach. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). "[A]n amended complaint is futile when it does not contain enough allegations of fact to state a claim for relief that is 'plausible on its face.'" *Henriquez v. Kelco Landscaping Inc.*, 299 F.R.D. 376, 379 (E.D.N.Y. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether to grant leave to amend, "the court must accept the facts alleged by the party seeking to amend as true and construe them in the light most favorable to that party." *Aetna*, 404 F.3d at 604.

Here, the proposed amended complaint suffers from the same deficiencies as the original complaint because the action is time barred by the agreed upon terms. Amendment would be futile. Therefore, Plaintiff's cross-motion is denied.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 22, 2018
      Albany, New York

Mae A. D'Agostino
U.S. District Judge